# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 27, 2021

Lyle W. Cayce
Clerk

No. 20-10560
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Anthony Avila,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-364-10

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Christopher Anthony Avila appeals his within-guidelines sentence of 436 months in prison imposed following his guilty plea conviction of conspiracy to possess with intent to distribute a controlled substance. *See* 21 U.S.C. §§ 841(a)(1), (b)(1), 846. According to Avila, the district court

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10560

procedurally erred by treating the Sentencing Guidelines as mandatory in setting his sentence. *See Gall v. United States*, 552 U.S. 38, 49-51 (2007). We review for abuse of discretion. *See United States v. Gozes-Wagner*, 977 F.3d 323, 338-39 (5th Cir. 2020).

The district court considered and rejected Avila's argument for a downward variance based on a policy disagreement with the treatment of different types of methamphetamine in the Sentencing Guidelines. Based on the sentencing record, including an acknowledgment that other judges vary on that basis, we are unpersuaded that the district court was unaware of its discretion to do so. *See United States v. Malone*, 828 F.3d 331, 338-39 (5th Cir. 2016); *United States v. Burns*, 526 F.3d 852, 861-62 (5th Cir. 2008). That the district court chose not to exercise that discretionary authority at this time does not demonstrate procedural error in imposing Avila's sentence.

AFFIRMED.